Filed 12/5/25  E.W. v. Superior Court CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| E.W.,<br><br>      Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>      Respondent;<br><br>SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES,<br><br>      Real Party in Interest. | H053632<br>(Santa Clara County<br> Super. Ct. No. 25JD028370) |

E.W. (mother), mother of 11-month-old Baby Boy R., seeks extraordinary writ relief under California Rules of Court, rule 8.452.[1]  Mother requests that Baby Boy R. be returned to her.  We construe mother's petition as a challenge to the juvenile court's order terminating reunification services and setting a permanency planning hearing under

---

[1] Subsequent undesignated references to rules of court are to the California Rules of Court.

Welfare and Institutions Code section 366.26.[2]  For the reasons set forth below, we deny mother's writ petition.

## I.     FACTS AND PROCEDURAL HISTORY

In January 2025, the Santa Clara County Department of Family and Children's Services ("Department") placed newborn Baby Boy R. into protective custody due to mother's untreated mental health issues and substance abuse.  Immediately following his birth, hospital staff observed mother attempting to feed the newborn with soup, cow's milk, and yogurt.  Mother also expressed delusional thoughts, believing that "the foster parent is giving her methamphetamines," and "sex offenders are trying to take her identity."  She then was placed on a psychiatric hold.  Four months earlier, mother had tested positive for cocaine while pregnant with Baby Boy R.

At the detention hearing, the court appointed a guardian ad litem for mother on a provisional basis at her counsel's request.  Mother was not present at the hearing as she remained under psychiatric care.

Mother was subsequently diagnosed with "unspecified psychosis not due to a substance or known physiological condition."  The hospital recommended continued inpatient hospitalization, concluding mother was a danger to herself or others and she continued to present "bizarre thought process, paranoid, and disorganized," and exhibited "poor insight into symptoms."  Mother was subsequently released from her psychiatric hold.

In late January 2025, at the combined jurisdiction and disposition hearing, mother did not personally appear, although she was informed of the hearing.  Mother's counsel represented that she and the guardian ad litem had no contact with mother and was unable to comment on any issues.  The juvenile court admitted the Department's social worker reports, which included the Department's investigation and recommended case plan for

---

[2] All statutory references are to the Welfare and Institutions Code.

mother. The court declared Baby Boy R. a dependent of the court, found clear and convincing evidence that removal remained necessary, and ordered reunification services for mother, which included mental health services, individual counseling, parenting classes, drug testing, and mother's adherence to any medication prescribed to her.

Before the six-month review hearing, the Department submitted the social worker's updated reports. These reports demonstrated that mother's participation in her case plan and visitation with Baby Boy R. had been minimal. Mother continued to exhibit mental health issues based on her random, disorganized, and erratic messages to the social worker. In her messages, mother asserted that Baby Boy R. might have brain cancer, stated that she had another 8-month daughter that she "would like . . . put in foster care as well," stated that she was going to jail or prison, and expressed conflicting feelings about whether Baby Boy R. should be returned to her care. (The Department's social worker never was able to confirm the existence of mother's daughter.)

The Department reported that mother had failed to participate in any mental health services or individual therapy, had not provided verification of her compliance with prescribed medication, had not adhered to the guidelines for attending online parenting classes, and had completed only one drug test—which yielded normal results—while missing twelve required call-ins and two scheduled tests. The Department recommended terminating reunification services for mother and the setting of a section 366.26 hearing to establish a permanent plan for Baby Boy R.

On August 22, 2025, at the six-month review hearing, mother was present with counsel. Mother informed the court that she wanted to reunify with Baby Boy R., did not want to give him up for adoption, and was doing everything she needed to do to reunify with her son. The juvenile court adopted the Department's recommendation, terminated mother's reunification services, and set a hearing under section 366.26. Mother, self-represented, filed a petition for extraordinary writ from those orders.

## II.    DISCUSSION

Mother's petition, which is sparse, states that the juvenile court's orders were erroneous because "[a] release of information form was signed for any additional documents that weren't included."  The Department contends that we should dismiss the petition because mother's petition does not comply with rule 8.452, and that substantial evidence supports the court's orders.

Rule 8.452 sets forth the procedural requirements for an extraordinary writ petition to review an order setting a hearing under 366.26.  It requires the petitioner to provide a memorandum setting forth a summary of the significant facts and legal argument with citations to authority and the record.  (Rule 8.452(b).)  We liberally construe writ petitions in favor of its sufficiency.  (Rule 8.452(a).)  Nevertheless, the petitioner must at least "raise claims of reversible error or other defect."  (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)  Failure to do so renders the petition inadequate in its content and we are not required to independently review the record for possible error.  (*Id.* at pp. 991, 994; accord *In re Phoenix H.* (2009) 47 Cal.4th 835, 842-843.)

Here, the petition does not contain sufficient information for any meaningful review by us.  Aside from checked boxes requesting "return child home to mother," and a statement "A release of information form was signed for any additional documents that weren't included," the petition does not state any factual or legal argument supporting grounds for the relief.  It does not include a memorandum, mention any facts from the record, or cite to any legal authority.

Mother does attach to her petition a one-page document dated August 19, 2025, purportedly from a clinical counselor verifying that mother had started psychotherapy the day before.  The Department argues because the letter was not part of the appellate record and was not considered by the juvenile court at the time of the underlying hearing at issue in this appeal, we should not consider it.  "It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its

4

rendition, upon a record of matters which were before the trial court for its consideration.' [Citation.]" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Because the letter from the counselor was not before the juvenile court at the time the orders appealed were made, we do not consider it.

Even if we were to liberally construe mother's petition as a challenge based on insufficient evidence, we still would affirm the court's rulings. At the six-month reviewing hearing, for a child under three years of age, if "the court finds by clear and convincing evidence that the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan, the court may schedule a hearing pursuant to Section 366.26 within 120 days." (§ 366.21, subd. (e)(3).) If the court finds "there is a substantial probability that the child . . . may be returned to their parent or legal guardian within 6 months or that reasonable services have not been provided . . . the court shall continue the case to the 12-month permanency hearing." (*Ibid.*)

We review the juvenile court's ruling for substantial evidence. (*J.H. v. Superior Court* (2018) 20 Cal.App.5th 530, 535.) "When reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011.)

Here, Baby Boy R. was removed from mother's care because of her struggles with mental health and substance abuse. The Department's reports demonstrate that reasonable services were provided to mother to address the issues leading to the dependency proceedings such as therapy, counseling, parenting programs, drug testing, and supervised visitation. Mother, however, failed to regularly participate in services and did not make substantive progress. Mother's testimony at the review hearing that she was doing everything needed to reunify with Baby Boy R. was not supported by the evidence. Instead, the evidence showed that mother did not visit Baby Boy R. regularly,

5

did not engage in mental health services during the review period, did not adhere to the guidelines for attending online parenting classes, and failed to substantially comply with the ordered drug testing regimen. The record contains substantial evidence that removal remained necessary because, up until the six-month review hearing, mother had not acknowledged the circumstances that led to Baby Boy R.'s removal and was not in compliance with the case plan.

Based upon the record before us, we conclude substantial evidence supports the juvenile court's findings and order.

### III. DISPOSITION

Mother's petition for extraordinary writ is denied.

6

_____

KULKARNI, J.*


WE CONCUR:



_____

GREENWOOD P. J.




_____

DANNER, J.




_E.W. v. Superior Court_

H053632


_____

* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.